UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE EXPO GROUP LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2043-X |
| | § | |
| TORBEJORNE PURDY, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are multiple motions and objections: Plaintiff The Expo Group LLC's (TEG) Rule 72(a) additional objections to the June 25, 2024 Order (Doc. 104); Defendant Torbejorne Purdy's motion for leave to file a sur-reply (Doc. 124); TEG's objections to the September 9, 2024 Order (Doc. 144); and TEG's opposed motion for withdrawal of counsel (Doc. 153). The Court **OVERRULES** TEG's additional objections to the June 25, 2024 Order and **DENIES** TEG's request for a protocol (Doc. 104). And the Court **DENIES** Purdy's motion for leave to file a sur-reply (Doc. 124). The Court **ORDERS** TEG to grant Purdy access to TEG's Data Room within 10 days of the date of this Order. The Court **OVERRULES** TEG's objections to the September 9, 2024 Order. (Doc. 144). The Court **GRANTS** TEG's motion to withdraw counsel. (Doc. 153). Attorney Jeremy B. Kustoff and Baker & Hostetler, LLP are terminated as counsel of record in this matter.

### I. Background

The parties have had a long list of discovery disputes in this case. A brief

summary of the pending objections and motions before the Court is set out below. On June 25, 2024, Magistrate Judge Horan entered an Order on Purdy's motion to compel, which he later amended, in part.[1] This Order contemplated a fee award against TEG under Rule 37 and set a deadline for TEG to file a response as to the fee issue. On July 9, 2024, TEG filed additional Rule 72(a) objections to Judge Horan's June 25, 2024 Order, objecting to the extent TEG was compelled to comply with Request 81, which sought access to TEG's Data Room.[2] Purdy sought leave to file a sur-reply to the objections.[3]

On September 9, 2024, Judge Horan entered an Order on Purdy's emergency motion to enforce compliance dating back to the June 25 Order.[4] TEG objected to this Order, in part.[5] Subsequently, TEG filed a motion to withdraw counsel, seeking to withdraw one attorney and a law firm.[6] Purdy opposed the motion.[7]

## II. Legal Standards

### A. Leave to File a Sur-Reply

Three rounds of briefing are almost always enough. The Local Civil Rules of this district do not contemplate a sur-reply.[8] A Court may grant leave to file a sur-

---

[1] Doc. 84, 103.

[2] Doc. 104.

[3] Doc. 124.

[4] Doc. 137.

[5] Doc. 144.

[6] Doc. 153.

[7] Doc. 161.

[8] *Nat'l Liab. & Fire Ins. Co. v. Young*, No. 6:19-CV-031-H, 2020 WL 6119912, at *1 (N.D. Tex. Apr. 24, 2020) (Hendrix, J.); *see also* N.D. Tex. Loc. Civ. R. 7.1(d)–(f).

reply where the opposing party "raises new legal theories or attempts to present new evidence at the reply stage."[9]  Generally, a movant is not permitted to introduce new evidence in support of a reply, as this deprives the non-movant of the meaningful opportunity to respond.[10]

## B. Rule 72 Objections

In a nondispositive matter, Rule 72(a) requires the district judge to consider timely objections, and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[11]  "When a party appeals a magistrate judge's order, it must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters."[12]  "The abuse of discretion standard governs review of that vast area of choice that remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous."[13]

## C. Motion to Withdraw

Local Civil Rule 83.12(a) provides that "an attorney desiring to withdraw in any case must file a motion to withdraw."  The motion must "specify the reasons requiring the withdrawal" and should include the name of the succeeding attorney, if

---

[9] *Nat'l Liab. & Fire Ins. Co.*, 2020 WL 6119912, at *1.

[10] *Budri v. FirstFleet Inc.*, No. 3:19-CV-0409-N-BH, 2020 WL 10816627, at *2 (N.D. Tex. June 10, 2020) (Ramirez, Mag. J.).

[11] FED. R. CIV. P. 72(a).  A nondispositive matter is "a pretrial matter [that is] not dispositive of a party's claim or defense."  *Id.*

[12] *Stanissis v. Dyncorp, Int'l LLC*, No. 3:14-CV-2736-D, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23, 2015) (Fitzwater, J.) (cleaned up).

[13] *Id.* (cleaned up).

known.[14]  An attorney must also show good cause and reasonable notice to the client before the court will grant the withdrawal.[15]

### III.  Analysis

#### A.  Purdy's Sur-Reply

Purdy asserts that TEG's Reply (Doc. 116) presents "new arguments/unsupported representations."[16]  Specifically, Purdy points to three categories of argument allegedly in TEG's Reply: TEG's chart of subfolders, TEG's description of the Data Room, and TEG's description of deposition testimony of Ray and Linda Pekowski.  TEG claims its Reply responds to arguments presented in Purdy's Response or bolsters arguments it initially raised.  The Court agrees with TEG.

The Court sees no new evidence or arguments presented in TEG's Reply that necessitate a sur-reply.  TEG includes a demonstrative chart of subfolders that Purdy discusses in its Response.  TEG reiterates its argument that Purdy has not articulated with reasonable particularity the items he seeks by describing the extent of the contents he seeks from the Data Room.  And TEG's representation of the Data Room is consistent with its representations in its original objections.[17]  Purdy dislikes TEG's response to his arguments and TEG's framing of issues he raised.  This does not meet the standard for a sur-reply.  Therefore, the Court **DENIES** Purdy's motion

---

[14] N.D. Tex. Loc. Civ. R. 83.12(a).

[15] *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).

[16] Doc. 124 at 1.

[17] Doc. 104 at 2 n. 1.

4

for leave.

## B. TEG's Objections to Order 84 as to Request 81

TEG objects to Judge Horan's June 24, 2024 Order to the extent it orders TEG to grant Purdy access to TEG's Data Room, arguing the Order is contrary to Rule 34's requirements. Purdy argues the objections should be overruled because they are untimely as the objection was only raised after the compliance date; that the Data Room contains information relevant to the claims and defenses in this case; and that Magistrate Judge Horan previously allowed similar discovery to be sought from a third party. As TEG objects to Judge Horan's legal analysis, the Court reviews the June 25 Order *de novo*. Based on this review and for the reasons stated below, the Court **OVERRULES** TEG's Objections.

TEG has not cited any case law that requires an elevated burden or showing for discovery of a data room such as the one at issue here. The limited case law that TEG cites is distinguishable here.[18] The requesting party in *In re Ford Motor Co.* sought access to multiple of Ford Motor Company's internal databases that contained, dealer, personnel, and all customer contacts.[19] In *John Crane Group Corp. v. Energy Devices of Texas, Inc.*, the discovery at issue was a forensic analysis of the defendant's hard drive.[20] In that case, the parties were direct competitors.[21] Here, the Data Room is limited to information compiled to be provided to potential third-party

---

[18] *See* Doc. 104 at 6 (citing *In re Ford Motor Co.*, 345 F.3d 1315 (11th Cir. 2003); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11089486 (E.D. Tex. Feb. 2, 2015)).

[19] 345 F.3d at 1316.

[20] *John Crane Grp.*, 2015 WL 11089486, at *2.

[21] *Id.* at *3.

5

buyers, and this suit is not between two direct competitors. Therefore, because the Data Room doesn't reflect the scale of the systems in *Ford*, nor does it implicate TEG's ability to remain competitive as in *John Crane*, discovery of the Data Room does not give rise to an elevated showing.

Judge Horan ruled that TEG waived its objections by responding to Purdy's requests with boilerplate objections. This Court agrees and adopts Judge Horan's Order as to Request 81. For these reasons, the Court **OVERRULES** TEG's Additional Objections (Doc. 104). As the Court has already entered a Protective Order (Doc. 47) in this case governing discovery, the Court **DENIES** TEG's request for a protocol.

### C. TEG's Objections to Order 137

Magistrate Judge Horan found TEG's supplemental production was untimely in light of the pending discovery deadline and noticed depositions.[22] "[I]n matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge."[23] Judge Horan applied the law of Rule 26(e) requiring timely supplementation to the facts surrounding the filing of the motion at issue and determined that TEG failed to timely produce the requested document before Purdy filed his motion. Finding Judge Horan did not abuse his discretion, the Court **OVERRULES** TEG's Objections as to Order 137.

---

[22] Doc. 137.

[23] *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (Fitzwater, C.J.).

6

### D. TEG's Motion to Withdraw Attorney

TEG seeks to withdraw attorney Jeremy B. Kustoff and the law firm of Baker & Hostetler, LLP as counsel of record, as TEG's lead counsel, L. David Anderson is no longer affiliated with Baker & Hostetler. Purdy opposes this motion, claiming that the pending fees or sanctions could be taxed against attorneys of record.

TEG's motion meets the requirements of Local Civil Rule 83.12(a). The Court finds that lead counsel moving firms is good cause for counsel's prior firm and Kustoff to withdraw. As Mr. Anderson remains as lead counsel, the motion meets the requirement to identify the succeeding attorney. As of this Order, all Rule 72(a) objections have been resolved. There are two potential fee awards pending in this case. (Doc. 84, 137). Both appear to contemplate fees charged to TEG as a party, not TEG's counsel. As lead counsel remains the same, the Court finds no reason to further delay the withdrawal of Kustoff and Baker & Hostetler, as a firm. And in any event, even the final disposition of a case doesn't curtail a court's power to sanction counsel for its conduct when the case was live. Therefore, the Court **GRANTS** TEG's motion to withdraw counsel. Attorney Jeremy B. Kustoff and Baker & Hostetler, LLP are terminated as counsel of record.

### IV.   Conclusion

For the foregoing reasons, the Court **OVERRULES** TEG's additional objections to the June 25, 2024 Order and **DENIES** TEG's request for a protocol (Doc. 104). Further, the Court **DENIES** Purdy's motion for leave to file a sur-reply (Doc. 124). The Court **ORDERS** TEG to grant Purdy access to TEG's Data Room within

10 days of the date of this Order.

The Court **OVERRULES** TEG's objections to the September 9, 2024 Order. (Doc. 144), and the Court **GRANTS** TEG's motion to withdraw counsel. (Doc. 153).

**IT IS SO ORDERED** this 12th day of December, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE