UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE EXPO GROUP LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:23-CV-2043-X |
| § | |
| TORBEJORNE PURDY, § | |
| § | |
| *Defendant.* § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is The Expo Group, LLC's (TEG) *Motion for Leave to File Motion for Summary Judgment.* (Doc. 185). After considering the parties arguments, briefing, the deposition transcript, and the legal standard, the Court **DENIES** the Motion because it will not streamline the trial.

### I. Background

This case is set for trial March 17, 2025. This case has had four scheduling orders, with each amendment continuing the trial date. The deadline for parties to file motions for summary judgment was September 16, 2024. The parties extended discovery multiple times throughout this case but let the dispositive motion deadline pass by. Notably, the parties *did* request an extension of the deadline for challenging expert witnesses due, in part, to ongoing fact depositions. (Doc. 148).

On December 13, 2024, TEG filed its Motion for leave to file a motion for summary judgment. (Doc. 185). The Court requested expedited briefing. (Doc. 186). Defendant Torbejorne Purdy filed an objection to the motion (Doc. 190). In its reply,

TEG identified the deposition testimony at the heart of its motion for leave. (Doc. 192). The Court ordered the parties to file the transcript of Purdy's deposition under seal and granted leave for Purdy to file a sur-reply.

## II.   Legal Standard

"A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation."[1]

## III.   Analysis

TEG filed their motion for leave, arguing that new evidence has come to light that creates a question of law proper for summary judgment. Specifically, TEG contends that Purdy changed his position on the confidential nature of information at issue in this case, and that this position was revealed at Purdy's deposition taken November 20, 2024, after the dispositive motion deadline. Purdy argues that TEG's motion is not excusable neglect, that TEG has mischaracterized Purdy's deposition testimony and taken it out of context, that a summary judgment motion would waste judicial resources, and that Purdy will be prejudiced by having to respond to a summary judgment amidst his trial preparations. The Court thinks a different analysis than excusable neglect applies. Instead, the real question is whether granting leave and granting the future motion for summary judgment would streamline the trial. It wouldn't. TEG's evidence in the motion for leave seems conclusive. But it would still open the issue of damages. A jury hates nothing more

---

[1] *Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975) (cleaned up).

than trying part of a case. It wants the whole case, or at least the whole claim. And granting leave and the partial summary judgment for TEG would give the jury part of a claim. What very little time it would save for the jury would not streamline the trial.

## IV.   Conclusion

For the reasons stated above, the Court **DENIES** TEG's motion for leave to file a motion for summary judgment. Each party will bear its own attorney fees and costs.

**IT IS SO ORDERED** this 2nd day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE