UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE EXPO GROUP LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:23-CV-2043-X |
| TORBEJORNE PURDY, | § § § | |
| *Defendant.* | § § | |

### **MEMORANDUM OPINION AND ORDER**

Before the Court is The Expo Group, LLC's (TEG) *Motion to Extend Deadline to Challenge Expert Witnesses*. (Doc. 187). After considering the parties arguments, briefing, and the legal standard, the Court **DENIES** the Motion because there is no excusable neglect and such an extension would unnecessarily jeopardize the current trial date.

### I.   Background

This case is set for trial March 17, 2025. This case has had four scheduling orders, with each amendment continuing the trial date. The parties already requested an extension of the deadline for challenging expert witnesses due, in part, to ongoing fact depositions. (Doc. 148). The Court granted that request and entered the standing Amended Scheduling Order which required expert challenges to be filed by December 6, 2024. (Doc. 159). On December 6, 2024, Purdy filed a Motion to exclude expert testimony; TEG filed no motions regarding expert testimony on or before the deadline. On December 17, 2024, TEG filed this Motion to extend the

1

deadline to challenge expert witnesses. (Doc. 187). The Court requested expedited briefing. (Doc. 189), and Torbejorne Purdy filed a response to the motion (Doc. 191).

## II. Legal Standard

Where there is a specific timeframe to act, "the court may, for good cause, extend the time. . . on motion made after the time has expired if the party failed to act because of excusable neglect."[1] When determining if excusable neglect exists, the Supreme Court has articulated four factors relevant to the analysis: (1) the danger of prejudice to the non-movant; (2) the length of the delay and the potential impact on the proceedings; (3) the reason for the delay, including whether it was in the control of the movant; and (4) whether the movant acted in good faith.[2]

## III. Analysis

In its motion, TEG argues that it was proceeding according to its understanding of the parties' agreement, that expert challenges would happen after expert depositions, and thus inadvertently did not request an extension to the deadline. Purdy argues TEG has failed to demonstrate good cause or excusable neglect for such an extension. The Court finds that there is no excusable neglect or good cause for extending the expired deadline.

Turning to the four factors of excusable neglect, the first factor is neutral to a finding of excusable neglect. Both parties are continuing to prepare for depositions

---

[1] Fed. R. Civ. P. 6(b)(1)(B).

[2] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

amidst trial prep by their own choosing. But, on the other hand, Purdy did file his motion to challenge expert testimony before the deadline.

Second, TEG's request has a significant impact on judicial resources and the trial date. TEG argues that it would save judicial resources by extending the deadline, rather than the parties having to file leave to amend the current motion to challenge. The Court disagrees. The trial date is set for less than three months from now—the Court finds that allowing for further filings will not best use judicial resources. This factor weighs against a finding of excusable neglect.

Third, it was within TEG's control to request an extension, at a minimum, prior to the expiration of the December 6 deadline. TEG did not do so. This factor weighs against a finding of excusable neglect.

The Court does not find that TEG acted in bad faith and finds this factor to be neutral. Even if the Court found this one factor weighed in favor of finding excusable neglect, the second and third factors weigh against such a finding. As there is no excusable neglect, the Court need not consider if good cause exists for the requested extension.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** TEG's motion to extend the deadline to challenge expert witnesses. (Doc. 187). Each party will bear its own attorney fees and costs.

**IT IS SO ORDERED** this 2nd day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE