UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE EXPO GROUP LLC, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:23-CV-2043-X |
| TORBEJORNE PURDY, | § § § | |
| *Defendant.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is The Expo Group, LLC's (Expo Group) motion to strike Torbejorne Purdy's jury demand on his ERISA counterclaims and motion for a separate trial on several of Purdy's state-law counterclaims. (Doc. 209). After considering the motion, briefing, and the legal standard, the Court **GRANTS IN PART**, **FINDS AS MOOT IN PART**, and **DENIES WITHOUT PREJUDICE IN PART** the motion to strike the jury demand and **GRANTS** the motion for separate trial.

The Court **ORDERS** Expo Group to file a motion for summary judgment on ERISA preemption within 10 days of the date of this order, as specified in this Order; Purdy is **ORDERED** to file a response within 7 days of when the motion is filed. No reply will be considered.

I.   Background

This case involves a benefits dispute surrounding two plans: Expo Group's Leadership Equity Incentive Plan (the Equity Plan) and the Long-Term Incentive

1

Plan (the Long-Term Plan). The parties agree the Equity Plan is an ERISA-governed plan, and Expo Group, in its motion, agrees to stipulate that the Long-Term Plan is a non-ERISA plan. Expo Group filed suit seeking a declaratory judgment under the plans, and Purdy brought the following counterclaims: as to the Equity Plan—violation of ERISA § 502(a)(1)(B)[1] (Claim A); violation of ERISA § 502(a)(3)(B) (Claim B); unlawful termination under ERISA § 510[2] (Claim C); breach of contract (Claim D); negligent misrepresentation (Claim E); and as to the Long-Term Incentive Plan—breach of contract (Claim F); negligent misrepresentation (Claim G); and declaratory judgment on both plans (Claim I).[3] Purdy demanded a jury trial on "all claims and issues to which he is entitled."[4]

This case is set for trial March 24, 2025. Pretrial materials are due February 28, 2025. Expo Group filed this motion seeking the Court to strike Purdy's jury demand as to claims related to the ERISA-governed Equity Plan and separate the remaining non-ERISA claims for trial.

## II.   Legal Standard

Where there is a demand for a jury trial, Federal Rule of Civil Procedure 39(a)(2) provides that the trial must be by jury, unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right

---

[1] 29 U.S.C. § 1132.

[2] 29 U.S.C. § 1140.

[3] Purdy also pled a claim for money damages and attorney's fees (Claim H). This is a prayer for relief, not a freestanding count. *See generally* The Law.

[4] Doc. 8 ¶ 235.

2

to a jury trial."[5]

Federal Rule of Civil Procedure 42(b) provides that a court "may order a separate trial of one or more separate issues, claims, crossclaims, [or] counterclaims."[6] "When ordering a separate trial, the court must preserve any federal right to a jury trial."[7]

### III.  Analysis

Purdy agrees his ERISA claims—§ 502(a)(1)(b) (Claim A) and § 502(a)(3) (Claim B) under the Equity Plan—do not give rise to the right to a jury trial. Because the parties agree Claim A and Claim B are ERISA claims and not entitled to a jury trial, the Court **FINDS AS MOOT** Expo Group's request to strike Purdy's jury demand as to these claims.

That leaves four buckets of claims: (1) Purdy's § 510 claim (Claim C); (2) Purdy's breach of contract (Claim D) and negligent representation claims (Claim E) based on the Equity Plan; (3) breach of contract (Claim F) and negligent misrepresentation claims (Claim G) based on the Long-Term Plan; and (4) the parties competing declaratory judgment claims. Both sides agree there will be a jury trial on the third bucket of claims. Expo Group seeks to strike the jury demand as to the first and second bucket and try these claims by a bench trial.

---

[5] Fed. R. Civ. P. 9(a)(2).

[6] Fed. R. Civ. P. 42(b).

[7] *Id.*

### A. Jury Demand

#### 1. Purdy's § 510 Claim (Claim C)

ERISA "invokes the equitable powers of the District Court."[8] The Fifth Circuit has shown that ERISA claims and juries should have the same wall of separation as drinking and driving or Texas chili and beans.[9] Purdy argues that Expo Group has consented to a trial by jury through its own answer. But the Court won't add beans to Texas chili just because Expo Group waited until now to state the obvious. Therefore, the Court **STRIKES** Purdy's jury demand as to his § 510 counterclaim (Claim C).

#### 2. Purdy's State Law Claims as to the Equity Plan (Claims D and E)

Purdy brings two state law claims based on the ERISA-governed Equity Plan: a breach of contract claim, pled in the alternative to his ERISA claims, (Claim D) and a negligent misrepresentation claim (Claim E). Expo Group argues that, because these claims are preempted by ERISA, the Court should strike Purdy's jury demand on these claims. Purdy argues that Expo Group is impermissibly seeking to dispose of claims through a motion to strike the jury demand.

ERISA contains a broad preemption provision, which "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[10] Expo Group sought to preempt Purdy's claims but this should have been

---

[8] *CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011).

[9] *See, e.g., Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) (collecting cases); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980).

[10] *See, e.g., Hook v. Morrison Milling Co.*, 38 F.3d 776, 780–81 (5th Cir. 1994) (citing 29 U.S.C. § 1144(a)).

handled at summary judgment—not on a motion to strike the jury demand.

Rule 56(f)(3) provides that the court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."[11]  Pursuant to this authority, the Court **ORDERS** Expo Group to file a motion for summary judgment limited to the questions of preemption within 10 days of the date of this order.  Specifically, whether or not Purdy's Claim D (breach of Equity Plan) and Claim E (negligent misrepresentation, Equity Plan) are preempted by ERISA.  The motion should include facts as to (1) whether or not the Equity Plan is covered under ERISA; (2) whether or not Purdy is a participant or beneficiary under the Plan; and (3) whether or not the claims are for relief sought under the plan.[12]  The parties should include facts supported by appropriate summary judgment evidence.

Purdy may respond within 7 days of the filing of Expo Group's motion.  There will be no reply.

The Court will not strike Purdy's jury demand on Claim I (declaratory judgment), only because Purdy may be entitled to a jury trial on a *fact* dispute as to the declaratory judgment, if there is such a fact dispute.  But the pretrial order and proposed jury charge must discuss specific factual disputes.  It is highly improper for a jury to tell parties their generic rights and obligations.

---

[11] Fed. R. Civ. P. 56(f)(3).

[12] *See, e.g.*, *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006); *Lain v. UNUM Life Ins. Co.*, 27 F.Supp.2d 926, 929–35 (S.D. Tex. 1998).

### B. Separate Trial

That leaves Purdy with a jury demand on his claims based on the Long-Term Plan: breach of contract (Claim F) and negligent misrepresentation (Claim G). Expo Group does not challenge Purdy's jury demand as to his claims based on the non-ERISA Long-Term Plan, but it requests a separate trial on these claims. The Court "must preserve any federal right to a jury trial" when ordering a separate trial.[13] Since at least some of Purdy's claims are going to a bench trial, it is necessary to separate these claims into a jury trial. Therefore, the Court **GRANTS** Expo Group's motion to separate trial and separates Purdy's breach of contract (Claim F) and negligent misrepresentation (Claim G) for a jury trial. Should either of Purdy's state law claims (Claims D and E) on the Equity Plan not be preempted by ERISA at the upcoming summary judgment, these claims will be tried to the jury with Claims F and G. And a bench trial on ERISA issues will follow the jury trial.

### IV. Conclusion

After considering the motion, briefing, and the legal standard, the Court **GRANTS IN PART**, **FINDS AS MOOT IN PART**, and **DENIES WITHOUT PREJUDICE IN PART** the motion to strike the jury demand and **GRANTS** the motion for separate trial. Purdy agrees Claims A and B (ERISA § 502) do not afford a right to a jury trial, thus Expo Group's motion to strike is **FOUND TO BE MOOT.** The Court **GRANTS IN PART** and **STRIKES** Purdy's jury demand as to Claim C (ERISA § 510). These claims will be tried by a bench trial. The Court **DENIES**

---

[13] Fed. R. Civ. P. 42(b).

6

**WITHOUT PREJUDICE** the motion to strike as to Claims D (breach of Equity Plan) and E (negligent misrepresentation), until the Court resolves the issue of preemption at summary judgment.  The Court **GRANTS** Expo Group's request for a separate jury trial as to Claims F (breach of the Long-Term Plan) and G (negligent misrepresentation, Long-Term Plan).

The Court **ORDERS** Expo Group to file a motion for summary judgment on ERISA preemption within 10 days of the date of this order, as specified in this Order; Purdy is **ORDERED** to file a response within 7 days of when the motion is filed.  No reply brief will be considered.

The Court will enter an amended scheduling order reflecting a jury trial to be followed by a bench trial.[14]

Each party will bear its own attorney fees and costs.

**IT IS SO ORDERED** this 20th day of February, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[14] The Court expects the parties pretrial material and proposed jury charge to include any fact disputes as to the competing declaratory judgments that should go to the jury, otherwise, the declaratory judgments will be properly resolved at a bench trial.