UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE EXPO GROUP LLC,§§§ *Plaintiff,* §§§ v. §§§ TORBEJORNE PURDY, §§§ *Defendant.* §§§ | Civil Action No. 3:23-CV-2043-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Torbejorne Purdy's motion to exclude expert testimony (Doc. 182) and The Expo Group's (Expo Group) motion for leave to file a supplemental exhibit to its response to Purdy's motion (Doc. 214). As the Court finds the exhibit unnecessary to rely upon in its consideration of the motion to exclude, the Court **FINDS AS MOOT** the motion for leave. After reviewing the motion, the response, the reply, and the applicable law, the Court **GRANTS IN PART AND DENIES IN PART** the motion to exclude.

I.   Background

This case involves a benefits dispute surrounding two plans: Expo Group's Leadership Equity Incentive Plan (the Equity Plan) and the Long-Term Incentive Plan (the Long-Term Plan). The parties agree the Equity Plan is an ERISA-governed plan, and Expo Group, in its motion, agrees to stipulate that the Long-Term Plan is a non-ERISA plan. This case is set for a jury trial on the state law claims under the

Long-Term Plan, followed by a bench trial on the ERISA claims under the Equity Plan.

Purdy challenges two of Expo Group's designated experts: Terese Connerton, designated to testify as to the applicable Top Hat classification under ERISA of both plans; and rebuttal expert Roberto Cavazos, designated to testify regarding damages calculations under both plans, which included Expo Group's valuation as of Purdy's termination date.[1]

## II.   Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony as evidence. As a gatekeeper of the evidence, this Court must permit only reliable and relevant testimony from qualified witnesses to be admitted as expert testimony.[2] Expert testimony is relevant if it assists the trier of fact in understanding the evidence or determining a fact in issue.[3]

## III.   Analysis

### A. Terese Connerton

Purdy seeks to exclude Terese Connerton, arguing her expert testimony is not reliable because (1) she assumes ERISA applies to both plans and (2) she fails to rely on data to come to her conclusions. After Purdy filed the present motion, Expo Group stipulated the Long-Term Plan was not subject to ERISA.[4] So Connerton's testimony

---

[1] Doc. 198 at 3–4, 11.

[2] *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993)).

[3] *Daubert*, 509 U.S. at 591.

[4] Doc. 209 at 8.

as to the top-hat classification is only relevant as to the Equity Plan. Claims under the Equity Plan will be tried in a bench trial. Therefore, the Court will give the testimony at the bench trial the weight it is due. However, since Connerton assumed the Long-Term Plan was an ERISA plan,[5] and Expo Group has now stipulated that it is not, Connteron's testimony is no longer relevant as to claims brought under the Long-Term Plan and should be excluded. Therefore, the Court **GRANTS** the motion to exclude the testimony as to claims under the Long-Term Plan, and the Court **DENIES** the motion to exclude the expert testimony of Terese Connerton as to claims under the Equity Plan.

## B. Roberto Cavazos

Purdy also seeks to exclude Roberto Cavazos, arguing that his testimony is not relevant or reliable because it is based on a valuation of Expo Group on the date of Purdy's termination, rather than Purdy's preferred date—the date of a sale of a majority interest in Expo Group to a third-party buyer.

First, Purdy's argument goes to the weight of the evidence, not the relevance. Second, Purdy appears to argue that Cavazos's valuation is relevant to the ERISA claims. To the extent Cavazos's testimony goes to claims before the jury, Purdy will have the opportunity to cross-examine Cavazos and present his own expert. To the extent Cavazos's testimony goes to claims before the bench, the Court will give the testimony the weight it is due. For both reasons, the Court **DENIES** the motion to exclude the expert testimony of Roberto Cavazos.

---

[5] Doc. 198 at 6.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Purdy's motion to exclude testimony from Terese Connerton and Roberto Cavazos. (Doc. 182). Each party will bear its own attorney fees and costs.

**IT IS SO ORDERED** this 22nd day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE